UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

      -against-                             Case No.: 14-Cr-00773-RA

VICTOR LIPKIN,

            Defendant
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VICTOR LIPKIN'S MOTION TO SUPPRESS

ALBERT Y. DAYAN, ESQ.
80-02 Kew Gardens Road, Suite 902
Kew Gardens, New York 11415
Telephone: 718-268-9400

Attorney for Defendant Victor Lipkin

## Table of Contents

                                                                                                                          Page

PRELIMINARY STATEMENT ............................................................................. 1

FACTUAL BACKGROUND .................................................................................. 2

        A.       Avenue V Management ............................................................. 2

        B.       Avenue V Medical Clinic Search Warrant .................................... 3

        C.       The supporting Affidavit ............................................................. 4

        D.       Execution of the Search Warrant ................................................. 6

        E.       Apparently No Off-Site Searches Have Been Conducted To Date ............. 6

ARGUMENT ............................................................................................. 6

I.      THE WARRANT WAS OVERBROAD AND WRONGLY AUTHORIZED
       THE SEIZAURE OF ITEMS AS TO WHICH THERE WAS NO SHOWING
       OF PROBABLE CAUSE ............................................................................. 7

II.     BECAUSE THE SUPPORTING AFFIDAVIT WAS NOT ATTACHED TO OR
       INCORPORATED IN THE WARRANT, THE WARRANT WAS AN
       UNLAWFUL GENERAL WARRANT THAT GAVE RISE TO AN
       UNLAWFUL GENERAL SEARCH ............................................................. 10

III.    COMPUTERS AND OTHE ELECTRONIC STORAGE DEVICES WERE
       SEIZED BUT APPARENTLY NEVER SEARCHED ..................................... 12

IV.   THE ITEMS SEIZED PURSUANT TO THESEARCH WARRANT MUST BE
       SUPPRESSED BECAUSE THE FEDERAL AGENTS SEARCHED AND
       SEIZED EVIDENCE FROM A LOCATION DIFFERENT THAN THAT
       SPECIFICALLY IDENTIFIED IN THE SEARCH WARRANT AND
       SUPPORTING AFFIDAVIT ....................................................................... 13

CONCLUSION .............................................................................................. 15

# Table of Authorities

**CASES** Page(s)

*Contrast U.S. Postal Serv. V. C.E.C. Servs.*
 869 F.2d 184 (2d Cir. 1989) ............................................................................... 9

*Coolidge v. New Hampshire,*
 403 U.S. 443 (1971)............................................................................................11

*Dalia v. United States,*
 441. U.S. 238, 258 (1979) ................................................................................15

*Groh v. Ramirez,*
 540 U.S. 551 (2004) ..................................................................................... 9, 11

*Jacobs v. City of Chicago,*
 215 F.3d 758, 767-69 (7th Cir. 2000) ..............................................................15

*Maryland v. Garrison*
 480 U.S. 79 (1987) .............................................................................. 11, 14, 15

*Nat'l City Trading Corp. v. United States,*
 635 F.2d 1020 (2d Cir. 1980) ............................................................................ 9

*Roberts v. United States,*
 656 F.Supp. 929 (S.D.N.Y. 1987), *rev'd on other grounds*, 852 F.2d 671 (2d Cir. 1988) ................................................................................................. 8, 10

*United States v. Abboud,*
 438 F. 3d 554 (6th Cir. 2006) ............................................................................ 8

*United States v. Bonner,*
 808 F.2d 864, 866-67 (1st Cir. 1986) *cert. denied*, 481 U.S. 1006 (1987) ...............14

*United States v. Butler,*
 71 F.3d 243, 248 (7th Cir. 1995)...................................................................... 15

*United States v. Campanile,*
 516 F.2d 288, 291 (2d Cir. 1975) .................................................................... 14

*United States v. Cioffi,*
   668 F. Supp.2d 385 (E.D.N.Y. 2009) ............................................................. 11

*United States v. Cohan,*
   628 F. Supp.2d 355 (E.D.N.Y. 2009) ............................................................. 9

*United States v. Comprehensive Drug Testing, Inc.,*
   579 F.3d 989 (9th Cir. 2009) ............................................................. 12, 13

*United States v. George,*
   975 .2d 72 (2d Cir. 1992) ............................................................. 9

*United States v. Gigante,*
   979 F. Supp. 959 (S.D.N.Y. 1997) ............................................................. 10

*United States v. Graziano,*
   558 F. Supp.2d 304 (E.D.N.Y. 2008) ............................................................. 13

*United States v. Hernandez,*
   No. 09 Cr. 625, U.S. Dist. LEXIS 719 (S.D.N.Y. Jan. 6, 2010) ............................................................. 7

*United States v. Hickey,*
   16 F. Supp. 2d 223 (E.D.N.Y. 1988) ............................................................. 10

*United States v. Hunter,*
   13 F.Supp.2d 574 (D. Vt. 1998) ............................................................. 10

*United States v. Markey,*
   131 F,Supp. 2d 316 (D. Conn. 2001) ............................................................. 9

*United States v. Metter,*
   2012 WL 1744251 (E.D.N.Y. 2012) ............................................................. 2, 12

*United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents,*
   307 F.3d 137 (3d Cir. 2002) ............................................................. 7

*United States v. Paccione,*
   738 F.Supp. 691 (S.D.N.Y. 1990) ............................................................. 9

*United States v. Santore,*
   290 F.2d 51, 67 (2d Cir. 1960) *cert. denied* 345 U.S. 834 (1961) ............................................................. 14

*United States v. SDI Future Health, Inc.,*
    568 F.3d 684 (9th Cir. 2009) .................................................................... 7

*United States v. Valentine,*
    984 F.2d 906, 908-09 (8th Cir.) *cert. denied* 510 U.S. 828 (1993) ............... 14

*United States v. Vilar,*
    No. S3 05 Cr. 621 (KMK), 2007 WL 1075041 (S.D.N.Y. April 4, 2007) ........ 10, 13

*United States v. Williams,*
    69 Fed. Appx. 494, 496 (2d Cir.) *cert. denied* 540 U.S. 932 (2003) ............... 14

*United States v. Waker,*
    534 F.3d 168 (2d Cir. 2008) ....................................................................... 11

*United States v. Yusuf,*
    461 F.3d 374 (3d Cir. 2006) ...................................................................... 10

*United States v. Mikhail Zemlansky, Decision and Order,*
    No. 12 Cr. 171 (JPO) (S.D.N.Y 2013) ..................................................... 2, 10

**OTHER AUTHORITIES**

U.S. Constitution, Amendment IV ................................................................ *passim*

## Preliminary Statement

Defendant, Victor Lipkin seeks to suppress all evidence seized from the offices of Avenue V Medical Clinic an Ave Management located at 3025 and 3027, Avenue V in Brooklyn, New York, during a search conducted pursuant to a warrant dated December 2, 2014 and executed on December 16, 2014, Victor Lipkin maintained managerial operations on the premises.

The search, as contemplated by the warrant application and then as executed by the agents, was fundamentally overbroad – resulting in the seizure of virtually every piece of paper and computer from the premises, and then more.

The comprehensive search and seizure was executed notwithstanding the lack of any allegation in the supporting affidavit to the effect that Avenue V Management – as a whole – was a creature or instrument of fraud. At most, without a scintilla of evidence and no allegations of pervasiveness, there was probable cause to search for specific items associated with specific individuals patients, but there was no justification or probable cause to conduct a wholesale seizure of every item of possible interest on the premises.

The warrant purportedly authorizing the search was also defective in that it contained non of the limiting language or features necessary for a warrant to comply with the particularity requirements of the Fourth Amendment: the warrant set forth no temporal or other restrictions with respect to the broad categories of documents to be seized and did not attach or incorporate the affidavit issued in support of the warrant so as to guide and thereby limit the discretion of the agents executing the search. Moreover, the Warrant did not authorize the search of 3023 Avenue V. The result was an unlawful entry into the 3023 address and a comingling of items seized from

the three different addresses. Compounding these problems, massive amounts of computer hardware – including numerous computer hard drives and thumb drives – were seized based on the purported rationale that specialized searches were necessary and could only be conducted off the premises in a more scientific, controlled setting. Yet, despite the expressed need for specialized and complete searches, and the wholesale seizure of computer equipment that followed as a result, the government to date has apparently not undertaken to search the seized hard drives in any meaningful way, did not rely on any of their contents in presenting this matter to the grand jury, and has not identified any particular documents resulting from this seizure in the course of discovery. In *United States v. Mikhail Zemlyansky*, et al., 12 Cr. 171 (JPO), and *United States v. Metter*, 2012 WL 1744251 E.D.N.Y. 2012. Judges J. Paul Oetken S.D.N.Y. and Judge Irizarry recently suppressed evidence in identically similar circumstances, where the warrant was overbroad, not accompanied by affidavit and a massive computer seizures was followed by a period prolonged government inaction in which anticipated off-site searches never took place.

For these reasons, all of the evidence seized from the offices managed by Victor Lipkin must be suppressed.

## FACTUAL BACKGROUND

### A. Ave V Management

Ave V Management is owned and operated by Viktor Lipkin. Avenue V Cardiology is a Medical PC owned by Dr. Rajen Maniar. Avenue V was incorporated in New York State on or about and its sole shareholder and President is Victor Lipkin.

### B. Avenue V Medical Search Warrant

The Avenue V Medical Clinic search warrant, issued in the Eastern District of New York on December 2, 2014, authorized a broad search that, by its terms, encompassed virtually every item one might expect to find in a medical office. Attachment A to the Warrant lists the following general categories of documents and materials to be seized. (Bank account information; Ledgers documenting patient medical treatment, tests provided; And other records related to patient care; Signature stamps; Calendars and patient appointment records; Checks, cash, and other financial instruments; Computers; Thumb drives. ( Warrant Ex. A).

Attachment A to the Warrant further explains that "[i]n order to search for items described above, that may be contained in electronic media, law enforcement personnel are authorized and seize" computer equipment and electronic devices, and then to conduct further searches of any seized computers and electronic devices off-site.

The broad categories of documents called for by Attachment A are not defined with reference to any particular timeframe, or with reference to any particular individuals under investigation.

Indeed, Attachment A to the warrant refers generically to target subjects without identifying who those subjects are. Although the identity of the target is spelled out in the affidavit in support of the warrant, that affidavit was apparently neither attached to the warrant nor incorporated by reference therein. Mr. Lipkin or his management company is not named in the warrant.

The only reference in the warrant to the federal crimes under investigation appears in the broad description of electronic devices that the agents were authorized to seized and the subsequently search off the premises. Of course this general laundry list of federal property-related crimes could not limit the discretion of the executing agents, or the scope of their search

and seizure, in any meaningful way. Any computer or electronic device found on the premises would fall within the broad description. Not does there appear to be a protocol in place to impose meaningful limits on any search of the computerized and electronic data to be conducted off-site. Essentially, the warrant authorized the agents to seize all computers on site and then determine later, through broad unlimited offsite searches, if any of the seized computer data had any relationship to any of the crimes under investigation.

### C. The Supporting Affidavit

The affidavit is a sprawling document that undertakes generally to describe a scheme to recruit patients with unlawful kickback payments to engage in certain unnecessary medical studies, including sleep and stress tests, which are then billed to health insurance providers . No where in the affidavit is Mr. Lipkin is identified as the "owner-in-fact" of the medical clinic, no where in the affidavit is Mr. Lipkin or his Management Company are alleged to have knowledge of purported "kickbacks" described in the unattached affidavit. The affidavit generally mirrors the indictment in this case in describing a wide-ranging investigation into "medical fraud mills."

Avenue V Medical Clinic is only one of three premises the affidavit describes and then seeks authority to search. Indeed, the affidavit's discussion of probable cause with respect to Avenue V Medical Clinic is limited to alleging participation by others, neither by Mr. Lipkin nor with his knowledge, in distribution of but a hand few of envelopes alleged to contain cash. Unfortunately, in this case, the uncorroborated and clearly falls allegations made by self interested "volunteer" CIs was blindly relied upon by the agents in subscribing for the Warrant herein. In this case the plainly incredulous statements made by the CIs has resulted in an unlawful warrant based on visibly false information provided by volunteer CIs to the Agents. We are prepared to establish at a hearing on the subject to this Honorable Court by physical and conclusive evidence that the "volunteer" CIs in this case, for personal reasons, have outright and obviously lied to the

4

agents about alleged robberies and threats of violence and other factors. Volunteer CIs allege that they were beaten unconscious and that their phone and wallet was stolen. Agents' attention is respectfully drawn to the fact that the same phone that the CI alleges was stolen from him continued to make phone calls to friends and family days after the alleged robbery, based upon phone records provided by Government to defense in discovery. The alleged coconspirator of the attack, co-defendant in this case Nikoloz Chochiev, was not even in the country at that time of the alleged robbery as confirmed by his personal itinerary. Moreover, the items returned to the victim after the made-up robbery were items left behind by the CI at the residence he shared with Mr. Chochiev. Respectfully, the nature of the false allegations provided by the "volunteer" CIs in support of the Warrant herein should have become immediately evident to the agents prior to application for the warrant and the information should have been corroborated to some extent.

The far-fetched and implausible allegations made by the "volunteer" CIs apparently served as the basis for a comprehensive search and seizure of all of Avenue V Medical Clinic's operations. Without the clearly falls statements made by the CI's in this case there is absolutely no basis to conclude that Avenue V Medical Clinic's alleged one or two incidents of "kickbacks" constituted the entirety of its business. Significantly, neither the warrant nor the affidavit identified the particular Patients in connection to any "kickback". Avenue V Medical and Victor Lipkin's management company were entirely searched even though the affidavit provided no probable cause to link him to any crime, and even though the affidavit was silent about the general nature and scope of Avenue V Cardiology and Ave V Management business operations which serviced patients with very qualified board certified physicians who were on staff daily. There was no allegation, for example that Avenue V Medical and Ave V Management operated as a "fraud mill" in the same manner as alleged of various other medical facilities prosecuted in this District.

The purported justification for the breadth of the search appears to stem not from any particular allegation about Avenue V Cardiology and Ave V Management but from the attesting agent's own experience in conducting other investigations of fraud. Even assuming that such general statements, without more, can be used to justify a blanket search, none of the information or direction that might be gleaned from his observations was available to the agents executing the search, as the agent's affidavit was neither attached to nor incorporated in the warrant.

### D. Execution of the Search Warrant

On December 16, 2014, agents executing the search seized essentially all computers and electronic storage devices found on the premises. They seized checks, signature stamps, books containing information on clients, signed health care forms, bank documents, miscellaneous documents in language other than English, calendars, storage rental information and other documents and hard drives.

### E. Apparently No Off-Site Searches Have been Conducted To Date

As far as defense counsel is aware, none of the computers seized from Avenue V Medical have yet to be searched off-site. What we believe the Government did in this case was just made copies and has provided them to the defense without yet evaluating what is or is not consistent with the theory of their case.

## ARGUMENT

### I

### THE WARRANT WAS OVERBROAD ND WRONGLY AUTHORIZED THE SEIZURE OF ITEMS AS TO WHICH THERE WAS NO SHOWING OF PROBABLE CAUSE

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A search warrant that "authorizes the

seizure of items as to which there is not probable cause" is impermissibly overbroad. *See United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty Cents*, 307 F.3d 137, 149 (3d Cir. 2002). The over breadth analysis focuses on whether the magistrate judge authorized a search warrant that provided for the seizure of items as to which there was no probable cause. *See, e.g. United States v. Hernandez.*, No. 09Cr.625, U.S. Dist. LEXIS 719, at *25 (S.D.N.Y. Jan. 6, 2010).

The Avenue V Medical warrant was overbroad, authorizing the seizure of broad categories of documents and electronic equipment that vastly exceeded the limited scope of probable cause set forth in the supporting affidavit. Indeed, the warrant authorized nothing less than a wholesale seizure of business records and computers – all bank account information, all documents relating to patient medical care, all computers and electronic devices of any kind – regardless of whether they are linked to any crime. The justification for such a comprehensive search and seizure appears to stem from the breadth of the overarching anti kick-back scheme scheme alleged in the supporting affidavit, and from the agent's own experience in other unrelated matters. But it does not stem from the limited allegations of probable cause concerning Avenue V Medical set forth in the supporting affidavit. Assuming the truth of the allegations made in the affidavit, without facts or statements in the affidavit alleging the whole of the clinic operating as a mill or pervasive with fraud, provide probable cause at most for the search of records and electronic devices relating to specific patients at the clinic. They do not support a broader warrant or justify the seizure of every piece of paper or computer at Avenue V Medical place of business – especially when there is not allegation that Avenue V medical as a whole and or Lipkin was involved in illegal activity.

In *United States v. SDI Future Health, Inc.*, 568 F. 3d 684 (9th Cir. 2009) the Ninth Circuit held that, in connection with a search of corporate offices, the item s subject to search and seizure

7

must be tied carefully to the allegations of probable cause in the supporting affidavit. There, the affidavit set forth probable cause to believe that the defendant company had conspired with physicians and cardiac diagnosticians to defraud Medicare, the Federal Employees Health Benefit Program, and private health insurers through a scheme of double billing and kickbacks. *Id.* at 69]. The search warrant identified 24 categories of items to be seized. Although the Ninth Circuit found that there was probable cause with respect to 19 of these categories, it found that the remaining 5 categories were stated too broadly to be supported by probable cause, noting that "probable cause did not exist to seize all items of those particular types." *Id.* at 705 (quotations and alterations omitted). The Ninth Circuit was particularly critical of one category that generally called for "documents related to non-privileged internal memoranda and E-mail," but which made "no attempt" to delimit the search to those memoranda and e-mails related to the alleged fraud. *Id.* at 704. Another discarded category included "rolodexes, address books and calendars." Id. The ninth Circuit found that this category "amounts to the laziest of gestures in the direction of specificity," and that it "practically begs the search team to find and to seize the contact information of every person who ever dealt with" the defendant. *Id.* 705.

Of all categories of documents and materials listed in Attachment A to the Avenue V Medical warrant, none limited the search within the ambit of any alleged criminality. The agents were free to seize financial or patient records even if there was no basis to conclude that they related to any fraudulent scheme or to any of the individuals under investigation ( Lipkin was not even named in the face of the warrant). Nor did the warrant specify any timeframe to constrain the search and seizure to the particular time period under investigation. *See United States v. Abboud,* 438 F.3f 554 (6th Cir. 2006) (holding that a warrant was insufficiently particular because it was not limited to documents from the time period for which the magistrate had probable cause to believe fraud had occurred). *Roberts v. United States,* 656 F. Supp 929 (S.D.N.Y. 1987), *rev'd on other*

8

*grounds*, 852 F. 2d 671 (2d Cir. 1988) where no limit as to the dates of documents to be seized, the warrant gave rise to a general, exploratory search).

The generality of the warrant, and its listing of categories divorced from any articulation of a particular fraudulent scheme, cannot be salvaged by the supporting affidavit, which was neither attached to nor incorporated by the warrant. *See Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004) ("a court may construe a warrant with reference to a supporting application of affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant"); *see also United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992) ("A sufficiently Specific affidavit will not itself cure an overbroad warrant. Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference to the warrant itself and attached to it") (internal citation omitted); *United States v. Cohan*, 628 F.Supp.2d 355, 362-363 (E.D.N.Y. 2009) (same).

In short, the warrant was not appropriately limited within the bounds of probable cause, but rather called for a blanket "all records" search even though there was no allegation in the supporting affidavit that Avenue V Medical's "entire business" was "pervade[d]" or "permeated" by fraud. *Contrast U.S. Postal Serv. V. C.E.C. Servs.* 869 F.2d 184, 187 (2d Cir. 1989); *Nat'l City Trading Corp. v. United States*, 635 F.2d 1020, 1026 (2d Cir. 1980); see also *United States v. Markey*, 131 F. Supp. 2d 316, 326 (D.Conn. 2001) ("all-records" search appropriate upon probable cause that "entire business operations was illegal"); *United States v. Paccione*, 738 F. Supp. 691, 708 (S.D.N.Y. 1990) (same where "business is totally illegal").

Under the circumstances, the appropriate remedy is suppression of all items seized. All categories listed in Attachment A have the same general failing: they are unconstrained by any requirement that the items seized be related to any alleged fraud or to any specific articulation of probable cause. Indeed, because the affidavit was not attached to or incorporated by the warrant,

9

the executing agents would not even know the most basic description or parameters of the allege fraud. In view of such over breadth, suppression is mandated by the Fourth Amendment. *Accord United States v. Vilar*, No. S3 05 Cr. 621 (KMK), 2007 WL 1075041, at *21- *23- *24 (S.D.N.Y. April 4, 2007) *United States v. Hickey*, 16 F.Supp.2d 223, 238-241, 243-45 (E.D.N.Y. 1998); *United States v. Gigante*, 979 F. Supp. 959, 965-67 (S.D.N.Y. 1997); *Roberts v. United States*, 656 F.Supp. 929, 934-37 (S.D.N.Y. 1987), *rev'd on other grounds*, 852 F.2d 671 (2d Cir. 1988) (all granting total or partial suppression for similarly overbroad warrants); *United States v. Hunter*, 13 F.Supp.2d 574, 584 (D. Vt. 1998) (voiding warrant's "catch-all" computer provision as "insufficiently particularized").

## II.

### BECAUSE THE SUPPORTING AFFIDAVIT WAS NOT ATTACHED TO OR INCORPORATED IN THE WARRANT, THE WARRANT WAS AN UNLAWFUL GENERAL WARRANT THAT GAVE RISE TO AN UNLAWFUL GENERAL SEARCH

In addition to over breadth, *i.e.*, authorizing the search and seizure of items as to which there was no probable cause; the Avenue V Medical warrant suffers from a lack of particularly, i.e. authorizing the agents to exercise unbridled discretion in conducting a general exploratory rummaging through a person's papers in search of criminal evidence. These concepts are related but distinct. *See United States v. Yusuf*, 461 F.3d 374, 393 n. 19 (3d Cir. 2006) (discussing the distinction). *See United States v. Michael Zemlyansky* 12 Cr. 171 (JPO) Memorandum and Order; Dated May 20, 2013 S.D.N.Y.

The particularly requirement, fundamental to the Fourth Amendment, assures that "those searches deemed necessary should be as limited as possible. Here the specific evil is the "general warrant" abhorred by the colonists, and the problem is not the intrusion per se, but of a general,

exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). By limiting searches "to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

Among the factors that courts consider in determining whether a warrant is sufficiently particular are: (1) whether the warrant sets out standards by which the responsible agents can differentiate items to be seized from those not to be seized, and (2) whether the government had further information available at the time that could have been used to narrow the descriptions of the items to be seized. *United States v. Cioffi*, 668 F. Supp.2d 385, 391 (E.D.N.Y. 2009).

Significantly, the particularly requirement applies to the face of the warrant itself. A supporting affidavit can be relied upon to provide particularity, but only if it is attached to the warrant or is incorporated by reference therein. *See Groh*, 540 U.S. at 557; see also *United States v. Waker*, 534 F.3d 168. 172 (2d Cir.2008); *United States v. Cioffi*, 668 F.Supp.2d 385, 392-393 (E.D.N.Y. 2009). As Senior District Judge Block held in Cioffi, where a warrant is too general, it cannot be saved by the supporting affidavit if that affidavit is not attached to or incorporated in the warrant itself. *Id.* at 396. "The fact that the application adequately described the "things to be seized" does not save the warrant from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not the supporting documents." *Cioffi*, 668 F.Supp.2d at 394 (emphasis in original), citing *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). Here, of course it was not.

The Avenue V Medical warrant appears to have included only one attachment, "Attachment A," which simply lists the items to be seized. Without the supporting affidavit, the Avenue V Medical warrant authorized the wholesale search and seizure of virtually every financial

11

record and computer on the premises without limiting the items seized to the particular subjects under investigation (Victor Lipkin) to any particular time frame, or to any particular fraudulent scheme – all of this information being set forth only in the supporting affidavit. *See George*, 975 F.2d at 75-76 (holding that a warrant that did not specify the crimes being investigated was a prohibited general warrant). As such, the Avenue V Medical was an unlawful general warrant, and its fruits must be suppressed.

### III.

### COMPUTERS AND OTHER ELECTRONIC STORAGE DEVICES WERE SEIZED BUT APPARENTLY NEVER SEARCHED

The government seized electronic storage devices from Avenue V Medical and Ave V Management. These devices were taken off-site and apparently have yet to be searched even though nearly a year has elapsed since the initial search of Avenue V Medical and Ave. V Management premises. Such delay is grounds for suppression. In *United States v. Metter*, 2012 WL 1744251 (E.D.N.Y. May 17, 2012), Judge Irizarry recently suppressed a similar wholesale seizure of computer equipment where the government had significantly delayed any off-site search of the seized materials. There, approximately fifteen months' after the government executed its search warrants, "the government had not conducted its review of the evidence seized and imaged to determine whether any of that images evidence fell outside the scope of the search warrant." *Id* at *6. Judge Irizarry found the circumstances to be unreasonable under the Fourth Amendment.

A further problem is that the agents conducting any off-site searches of electronic materials appear to be operating without any written protocol to govern and limit the scope of their searches. While the Second Circuit has yet to expressly require search warrants to include search protocols for digital searches, other federal courts have. In *United States v. Comprehensive Drug Testing,*

*Inc.* 579 F.3d.989, 1006-07 (9th Cir.2009) (en banc), for example, the Ninth Circuit set forth the parameters of a constitutionally sufficient protocol, including (a) waiver of the plain view doctrine; (b) shielding case agents from data not strictly targeted by the warrant; (c) disclosing the true risks, if any, of evidence destruction; and (d) narrowly tailoring the search to uncover only information supported by probable cause. The Fourth Amendment does not countenance ongoing, unlimited searches for month on end, especially absent a meaningful protocol to limit the discretion of the agents given access to a broad swath of digital data. *See Vilar*, 2007 WL 1075041, *37 (the government must delineate search limits so warrant does not become "blank check" to "scour" computer for proof of different crimes); *United States v. Graziano*, 558 F.Supp.2d 304, 316 (E.D.N.Y. 2008) (government must "particularize" items sought so as not to turn every computer search "into a general search").

### POINT IV

### THE ITEMS SEIZED PURSUANT TO THE SEARCH WARRANT MUST BE SUPPRESSED BECAUSE THE FEDERAL AGENTS SEARCHED AND SEIZED EVIDENCE FROM A LOCATION DIFFERENT THAN THAT SPECIFICALLY IDENTIFIED IN THE SEARCH WARRANT AND SUPPORTING AFFIDAVIT

The Court issued a search warrant on December 2, 2014 for Avenue V Medical Clinic. Specifically the addresses for 3025 and 3027 Avenue V. Not for 3023, Avenue V. On December 16, 2014 federal agents conducted a warrantless search of 3023 Avenue V, a separate management entity. Because the agent searched a location different than that identified in the search warrant, and we believe co mingled items seized from the three different locations, the items seized in 3023, 3025 and 3027 Avenue V Medical must be suppressed.

Partial mis-descriptions in search warrants of places to be searched do not make searches predicated on such warrants invalid so long as the "possibility of actual error is eliminated by

13

other information, whether it be a detailed physical description in the warrant itself, supplemental information from an appended affidavit, or knowledge of the executing agent described from personal surveillance of the location to be searched." *United States v. Valentine*, 984 F.2d 906, 908-09 (8th Cir), *cert. denied* 510 U.S. 828 (1993) (upholding search of unnumbered building that executing agents had observed for several days prior to applying for warrant, although warrant mistakenly identified building to which it was attached); *United States v. Bonner*, 808 F.2d 864, 866-67 (1st Cir. 1986), *cert. denied*, 481 U.S. 1006 (1987) upholding search despite "technical omission" in warrant, because the "agents having previously conducted the surveillance, knew exactly which house they wanted to search); *United States v. Williams*, 69 Fed. Appx. 494, 496 (2d Cir.), *cert. denied*, 540 U.S. 932 (2003) (warrant upheld despite "technical error," such as incorrect address, when possibility of actual error eliminated by other information, such as familiarity with apartment because officers had purchased drugs from confidential informant shortly before warrant was executed).

Where executing agents discover that a search warrant as issued does not permit a search of the specific location they seek to search, absent exigent circumstances, it is incumbent on the agent to refrain from searching that location until a new of amended warrant is obtained. *Maryland v. Garrison*, 480 U.S. 79, 85-87 (1987) (officers required to discontinue search once put on notice that there was risk that unit erroneously included in warrant; must judge constitutionally of their conduct in light of information available to them at time they acted).

If agents are on notice of a dual occupancy nature of a dwelling before executing a warrant, the failure to retreat and obtain a new warrant once the gents desired to search a different location makes the warrantless search of a new location unlawful. *United States v. Santore*, 290 F.2d 51, 67 (2d Cir. 1960), *cert. denied*, 345 U.S. 834 (1961); *United States v. Campanile*, 516 F.2d 288, 291 (2d Cir. 1975).

Probable cause to search one apartment in a multi-unit building does not support a warrant authorizing a search of the entire building. *Jacobs v. City of Chicago*, 215 F.3d 758, 767-69 (7th Cir. 2000). "When a building is divided into more than once residential unit, a distinct probable cause determination must be made for each unit." *Id.*, quoting *United States v. Butler*, 71 F.3d 243, 248 (7th Cir. 1995).

The issue here, unlike the probable cause issued discussed above, does not concern the validity of the warrant itself, and no claim is being made that the arrant issued was a "general warrant" authorizing an overbroad sweeping search of the entire building. *See Maryland v. Garrison* 480 U.S. at 84. The Fourth Amendment requires a warrant to "particularly describe the place to be searched." U.S. Const. amend. IV. The warrant issued here <u>does</u> describe the place to be searched. The issue here is whether the execution of the warrant in searching a wholly separate, and identified office located at 3023 that was not described in the warrant, was reasonable. *Maryland v. Garrison*, 480 U.S. at 87; *Dalia v. United States*, 441 U.S. 238, 258 (1979).

## CONCLUSION

For the foregoing reasons, we respectfully urge the Court to grant this motion and to suppress all evidence seized from the search of Avenue V Medical premises.

Dated: Queens, New York
March 25, 2016

ALBERT Y. DAYAN, ESQ.

By: \_\_\_\_/s/\_\_\_\_
Albert Y. Dayan

15